# EXHIBIT A

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

Luzerne **County**

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | 201902764 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

| Lead Plaintiff's Name: <br> Jessica Chromey-Bullock | Lead Defendant's Name: <br> Radius Global Solutions, LLC |
|---|---|
| Are money damages requested? ☒ Yes  ☐ No | Dollar Amount Requested: <br> (check one)  ☒ within arbitration limits  ☐ outside arbitration limits |
| Is this a *Class Action Suit*? ☐ Yes ☒ No | Is this an *MDJ Appeal*? ☐ Yes ☒ No |

Name of Plaintiff/Appellant's Attorney: **Carlo Sabatini**

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☒ Other: <br> FDCPA

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

## NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

Rule 205.5.   Cover Sheet

(a)(1)  This rule shall apply to all actions governed by the rules of civil procedure except the following:

(i)      actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

(ii)     actions for support, Rules 1910.1 et seq.

(iii)    actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

(iv)    actions for divorce or annulment of marriage, Rules 1920.1 et seq.

(v)     actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

(vi)    voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)     At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)     The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)     The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)     A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)     The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

| | |
|---|---|
| Jessica Chromey-Bullock<br>228 Orchard Street<br>Exeter, PA 18643 | |
| Plaintiff<br>v. | Court of Common Pleas of Luzerne<br>County – Civil Action |
| Radius Global Solutions, LLC<br>7831 Glenroy Road, Suite 250<br>Edina, MN 55439 | |
| Defendant | Jury Trial Demanded |

## NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.

## AVISO

A USTED SE LE HA DEMANDADO EN LA CORTE. Si usted quiere defenderse contra la demanda expuesta en las siguientes páginas, tiene que tomar acción en un plazo de veinte (20) días después que reciba esta demanda y aviso, por presentar una notificación de comparecencia escrita personalmente o por un abogado y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra. Se le advierte que si falla en hacerlo, el caso podría seguir adelante sin usted y un fallo podría ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante. Puede que usted pierda dinero o propiedad u otros derechos importantes para usted. USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, DIRÍJASE O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ABAJO. ESTA OFICINA PUEDE PROVEERLE CON INFORMACIÓN SOBRE COMO CONTRATAR UN ABOGADO. SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRÍA

PROPORCIONARLE INFORMACIÓN ACERCA DE AGENCIAS QUE PUEDAN
OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS
REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.

North Penn Legal Services, Inc.
33 N. Main Street,
Suite 200
Pittston, PA 18640
(570) 299-4100
(877) 953-4250 Toll free
(570) 824-0001 Fax

101 West Broad Street,
Suite 513
Hazelton, PA 18201
(570) 455-9512
(877) 953-4250 Toll Free
(570) 455-3625 Fax

Servicios Legales de North Penn, Inc.
33 la Calle Main del Norte, Oficina 200
Pittston, PA 18640
(570) 299-4100
(877) 953-4250 Llamada gratuita
(570) 824-0001 Fax

101 la Calle Broad del Oeste,
Oficina 513
Hazelton, PA 18201
(570) 455-9512
(877) 953-4250 Llamada gratuita
(570) 455-3625 Fax

| | |
|---|---|
| Jessica Chromey-Bullock,<br>              Plaintiff<br>v. | Court of Common Pleas of Luzerne<br>County – Civil Action |
| Radius Global Solutions, LLC,<br>              Defendant | 201902764 |
| | Jury Trial Demanded |

## COMPLAINT

### I. Introduction

1.    This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act") which prohibits debt collectors from engaging in abusive, unfair, and deceptive practices.

### II. Jurisdiction

2.    Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d), which permits an action under the Act to be brought in any court of competent jurisdiction.

3.    Venue in this district is proper in that Defendant transacts business here and the conduct complained of is alleged to have occurred here.

### III. Parties

4.    Plaintiff, Jessica Chromey-Bullock, is a natural person residing at 228 Orchard Street, Exeter, PA 18643.

5.    Defendant, Radius Global Solutions, LLC ("Radius") is a limited liability corporation with a place of business located at 7831 Glenroy Road, Suite 250, Edina, MN 55439.

6.    Radius regularly uses the mail in its business.

7.    The principal purpose of Radius's business is the collection of debts.

8.      Radius has reason to believe that a non-trivial portion of the accounts that it collects are for obligations for which the money, property, insurance or services which were the subjects of the transactions were primarily for personal, family, or household purposes.

9.      Radius has reason to believe that it is probably true that the principal purpose of its business is the collection of "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10.      The principal purpose of Radius's business is the collection of "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11.      Radius regularly attempts to collect debts asserted to be due to another. The term "debt" is used in this allegation as that term is defined by 15 U.S.C. § 1692a(5).

12.      Radius's website says, "For over thirty years Radius Global Solutions has been working with consumers to develop solutions for their outstanding debt balances." https://www.payments2northland.com/

13.      Radius is a "debt collector" as defined by the Act, 15 U.S.C. § 1692a(6).

### IV. Statement of Claim

14.      Within the past year Radius was attempting to collect from Plaintiff an account that Plaintiff allegedly owed to First Premier Bank ("the Account").

15.      The Account is a "debt" as that term is defined by the Act, 15 U.S.C. § 1692a(5).

16.      On or about March 14, 2018, Radius caused to be mailed a letter addressed to Plaintiff.

17.      The letter was Radius's first communication with Plaintiff in connection

with the collection of the Account.

18.     In the five-day period following the mailing of the letter, Radius did not send Plaintiff any other written communication regarding the Account.

19.     A collection letter is viewed from the perspective of the least sophisticated debtor.

20.     If the least sophisticated debtor could give two different meanings to ambiguous language, and if one of those meanings is inaccurate, then the language is deceptive.

21.     Here the collection letter stated, *inter alia*:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. . . .

22.     This language would convey to a debtor that the debtor could orally exercise her rights to lodge a dispute and thereby prevent the debt collector from assuming that the debt is valid.

23.     However, an oral dispute is "not a legally effective alternative for disputing the debt." *Caprio v HRRG, LLC*, 709 F.3d 142, 151 (3d Cir. 2013).

24.     The excerpted language quoted in ¶ 21 above omits a portion of the Letter as indicated by the ellipses. That omitted language did notify the debtor that *if* the debtor disputed the debt in writing then the debt collector would provide a written copy of (a) verification of the debt, (b) a judgment, or (c) the name and address of the original creditor.

25.     The use the word "if" implies two options to the least sophisticated debtor: the debt can be disputed either orally or in writing.

3

26.    If the debt is disputed in writing, then the consumer would receive additional information: i.e., verification of the debt, a copy of a judgment or the name and address of the original creditor.

27.    However, a consumer who did not care to receive this information and who instead simply wished to dispute the validity of the debt could believe that an oral dispute would be the fastest and simplest way to accomplish that goal.

28.    The letter does not effectively convey to the consumer the information required by § 1692g and is deceptive or misleading in violation of § 1692e(10).

29.    By failing to indicate that the dispute must be in writing, the notice violates the Act: *Guzman v. HOVG, LLC*, 2018 WL 5631096 at *5 (E.D. Pa. October 31, 2018); *Durnell v Stoneleigh Recovery Associates, LLC*, 2019 WL 121197 (E.D. Pa. January 7, 2019); *Henry v. Radius Global Solutions, LLC*, 2019 WL 266316 (E.D. Pa. January 18, 2019); and *Cadillo v. Stoneleigh Recovery Associates, LLC*, 2017 WL 6550486 (D. N.J. December 21, 2017).

30.    Radius violated the Act, 15 U.S.C. § 1692g.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs, attorney's fees, and such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Carlo Sabatini
Bar Number PA 83831
Attorney for Plaintiff
Sabatini Freeman, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000

## Certification of Compliance

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

_____
Carlo Sabatini

## Verification by Plaintiff Jessica Chromey-Bullock

I affirm that the averments of fact contained in this pleading are true upon my personal knowledge or information and belief.

_____
Jessica Chromey-Bullock

5

# Exhibit A

(Letter dated March 14, 2018)



*Northland Group*

800-610-7779
Central Standard Hours M – F 8 a.m. – 5 p.m. CT
March 14, 2018

Jessica Bullock
61 1/2 Union St.
Pittston, PA 18640

[barcode / address block]

ACCOUNT INFORMATION
Creditor: FIRST PREMIER BANK
Original Account #: ***********

NORTHLAND REFERENCE NUMBER

PO Box 390846
Minneapolis, MN 55439
Mail Code: PRA1

New Information on Your Account:
Account Balance: $880.24

Dear Jessica Bullock,

The above referenced FIRST PREMIER BANK account has been assigned to Northland Group for collection. FIRST PREMIER BANK is aware of today's economic climate and the challenges you may be facing. We pride ourselves on being a problem solving leader in this industry and we are confident we can find a resolution to this matter that is mutually agreeable for all parties involved. This may even include a possible settlement for less than the balance owed. Many times, settlement opportunities can carry a multi-payment option as well. Please contact us to resolve the above referenced account and know that we are always interested in hearing any repayment suggestions that you feel are fair and affordable. This offer does not affect your rights as set forth below.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Should you have any questions regarding this account, please feel free to call us at 800-610-7779. We look forward to hearing from you.

Thank you,

Northland Group



Pay by Mail: Send payments to PO Box 390846, Minneapolis, MN 55439.

Pay by Phone: Please call Northland Group at 866-610-7779.
We offer check by phone, Western Union, and debit card.

Pay Online: To view the account balance, set up payments and communicate with us via email, please visit www.payments2northland.com

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. This communication is sent to you by Northland Group LLC, a debt collector, and a member of the Portfolio Recovery Associates family.