IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESSICA CHROMEY-BULLOCK,** | : | No. 3:19cv1059 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **RADIUS GLOBAL SOLUTIONS, LLC,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

Before the court for disposition is Defendant Radius Global Solutions, LLC's (hereinafter "defendant") motion to dismiss. (Doc. 3). The matter is fully briefed and ripe for disposition.

**Background**

Plaintiff Jessica Chromey-Bullock (hereinafter "plaintiff") initiated the instant Fair Debt Collection Practices Act (hereinafter "FDCPA") complaint against the defendant. (Doc. 1). The plaintiff owned an account with First Premier Bank, who sought payment from the plaintiff due to debt incurred on the account. (Id. at ¶ 14). On March 14, 2018, the defendant mailed the plaintiff a letter in an attempt to collect the debt.

The plaintiff alleges that the language of the letter was false, misleading, and deceptive in violation of the FDCPA because it failed to explicitly notify consumers that all debt disputes must be in writing. (Id.) The plaintiff

subsequently asserted her FDCPA claim against the defendant. (Id.) The defendant responded by filing a motion to dismiss, bringing the case to its current posture.

**Jurisdiction**

As this case is brought pursuant to 15 U.S.C. § 1692 for federal debt collection violations, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

The defendant filed its motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)

2

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors.  Piper v. Portnoff Law Associates, Ltd., 396 F.3d 227, 232 (3d Cir. 2005).  The "threshold requirement of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'"  Id.; see 15 U.S.C. §§ 1692e-f.  The FDCPA defines "debt" as "any obliga[t]ion of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C. § 1692a(5).  "The

3

term 'consumer' means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692(a)(3).

The defendant seeks to dismiss the plaintiff's FDCPA claim for two reasons. First, the defendant avers that the language in the letter is, as a matter of law, not misleading. In the alternative, the defendant argues that the FDCPA is unconstitutionally vague. We will discuss each issue in turn.

I.    **The Letter**

The defendant's first argument is that the letter was not deceptive under the FDCPA. Collection letters "[are] deceptive when [they] can be reasonably read to have two or more different meanings, one of which is inaccurate." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000), as amended (Sept. 7, 2000). Here, the letter stated the following:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Id. at ¶ 16).

The plaintiff claims that the defendant's use of the word "if" in the validation notice could cause the least sophisticated debtor to believe that a dispute could be made orally or in writing. (Doc. 1, ¶ 24). Thus, the plaintiff alleges that the letter failed to effectively convey that all debt disputes must be made in writing to prevent the debt collector from assuming that the debt is valid. (Id. at ¶¶, 22-27). As a result, the plaintiff claims that the validation notice could be read to communicate two different meanings: that debt disputes could be made either orally or in writing. (Id. at ¶25). Although the defendant claims to have used § 1692(a)(3) language when drafting the letter, "[. . .] merely tracking the statutory language is insufficient to comply with [the FDCPA]—the validation notice 'must also be conveyed effectively to the debtor.'" Henry v. Radius Glob. Sols., LLC, 357 F. Supp. 3d 446, 457 (E.D. Pa. 2019). The plaintiff's allegations raise a reasonable expectation that discovery could reveal evidence that the defendant's collection notice was misleading.

## II.     Constitutionality of the FDCPA

Finally, the defendant argues that the FDCPA is unconstitutionally void for vagueness because circuit courts are split on the FDCPA's interpretation. (Doc. 3). We disagree with the defendant. "[I]t is manifest that conflicts between courts over the interpretation of a [] statute do not in and of themselves render that statute unconstitutionally vague." See United States v. Morrison, 686 F.3d

94, 104 (2d Cir. 2012); see also United States v. Kernell, 667 F.3d 746, 754 (6th Cir. 2012). At this stage of the proceedings, the issue is not the vagueness of the FDCPA. Instead, it is the misleading language contained within the collection notice itself. As a result, the defendant's argument that the FDCPA is unconstitutionally void for vagueness is meritless.

**Conclusion**

For the reasons stated above, the plaintiff has pled sufficient facts to raise a reasonable expectation that discovery could reveal that the least sophisticated consumer could be misled by the defendant's collection notice. As such, the complaint justifies moving the plaintiff's claim to the next stage of litigation. We will deny the defendant's motion to dismiss the plaintiff's FDCPA claim. An appropriate order follows.

**Date: August 9, 2019**　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　　　　　　　**s/ James M. Munley**
　　　　　　　　　　　　　　　　　　　　**JUDGE JAMES M. MUNLEY**
　　　　　　　　　　　　　　　　　　　　**United States District Court**